UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21866-CIV-LENARD/GARBER

EVELYN MORRISSETTE,

     Plaintiff,

v.

NORWEGIAN CRUISE LINE LTD.,
d/b/a NORWEGIAN CRUISE LINE, and/or
NORWEGIAN CRUISE LINE AMERICA,
and/or NCL (Bahamas) Ltd.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received the defendant Norwegian Cruise Line's Motion for Relief from Judgment [DE 37], plaintiff Evelyn Morrissette's Response in Opposition [DE 38], the Reply [DE 39] and held a hearing on the matter.

On March 6, 2008, Judge Lenard granted Norwegian Cruise's Motion to dismiss Morrissette's complaint because it was filed in federal court outside of the contractual-limitation period.  In so ruling, Judge Lenard rejected the argument that the contractual-limitation period should have been equitably tolled while Morrissette pursued her claim in state court.

Morrissette appealed.  On April 1, 2008, the Eleventh Circuit issued an opinion in Booth v. Carnival Corp., 522 F.3d 1148, which held under virtually identical facts that a contractual-limitation period should be equitably tolled while the suit proceeded in a court of competent jurisdiction.  In

1

light of <u>Booth</u>, the Court of Appeals stayed Morrissette's appeal and ordered Norwegian Cruise to file, before this Court, a motion for relief from judgment.

In <u>Booth</u>, the estate of Steve Booth sued Carnival for wrongful death.  His cruise ticket contained a contractual-limitation provision that required any suit against Carnival to be initiated within one year of the alleged tortious act.  The ticket also contained a forum selection clause which required suits be brought in the Southern District of Florida.  Booth's estate initially brought its action in state court, and did not file its action in federal district court until after the one-year limitation-period had elapsed.  Carnival moved to dismiss the suit as untimely, and the district court denied the motion, ruling that equitable tolling was appropriate.  The question of whether equitable tolling was appropriate went to the Court of Appeals on an interlocutory appeal.  The Court of Appeals held that equitable tolling was appropriate in the action before it, despite the fact that the attorney should have been aware of the ticket's forum selection clause.  <u>Booth</u>, 522 F.3d at 1152 -53.

The relevant facts of this action are virtually identical to those that animated <u>Booth</u>.  In this cause, the attorney was also unaware of the ticket's forum selection clause and first brought the action in state court. Notwithstanding the similarities, Norwegian Cruise argues that because <u>Booth</u> affirmed the principle that equitable tolling should be examined on a case-by-case basis, an evidentiary hearing is necessary to determine if equitable tolling is appropriate in this case.  While the Court leaves the necessity of an evidentiary hearing to later determination, the Court presently has no doubt that the decision in <u>Booth</u> clearly altered the landscape from which Judge Lenard based her initial order of dismissal.  Accordingly, the undersigned

RECOMMENDS that Judge Lenard (1) certify to the Court of Appeals that she is likely to grant the motion for relief, (2) grant the motion for relief, and (3) vacate the order of dismissal.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Joan A. Lenard.  See 28 U.S.C. § 636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 5th day of March 2009.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE